No. 2,229.

A. C. HAWKINS, Respondent, *v.* CURTIS ABBOTT *et al.*, Appellant.

PRACTICE.—JUDGMENT WITHOUT SERVICE OF PROCESS OR APPEARANCE.—A judg-
ment against a person not served with process, and who entered no
appearance in the action cannot be sustained.

PRACTICE ON APPEAL.—NEW TRIAL.—SPECIFICATION OF ERROR.—When a mo-
tion for a new trial is made on a statement, no point will be considered
by the Court, and no alleged error will be noticed, unless it is specified
under one of the grounds of the motion.

IDEM.—APPELLANT'S POINTS.—The appellant's points should accord with or
be substantially the same as the specifications in the statement; or
should result legitimately from such of these as present the same ques-
tion.

IDEM.—PREPONDERATING EVIDENCE.—CONFLICTING EVIDENCE.—If the evi-
dence clearly preponderates against the verdict or finding, it is the duty
of the Court below to set it aside, but the Appellate Court will not dis-
turb the verdict or finding when the evidence is conflicting

APPEAL from the District Court of the Seventh District, County of Solano.

This is an action brought by the plaintiff to obtain dissolution of partnership and, settlement of account between plaintiff and defendant.

Plaintiff alleges formation of copartnership in 1863 for the purpose of trading in cattle; alleges the accumulation of the profits of said partnership to be five thousand dollars, thirty-five hundred of which is in a note held by defendant against one Robert Allison; asks an injunction against defendant restraining him from the transfer of said note, and also against Allison from paying the same to de-

fendant or his assignees, and for the appointment of a receiver to take charge of the note.

The answer denies all the material allegations and sets up a counter claim.

An injunction was awarded in accordance with the prayer of the complaint, which was duly served on Allison by the Sheriff of Solano county.

Judgment was rendered in favor of plaintiff for a dissolution of the partnership, and for the recovery of one half of the net profit of the partnership, amounting to $1,701, part of the Robert Allison note, or its proceeds, and proportionally of the interest due thereon and cost of suit, $531, further ordering the said Robert Allison to pay into the Court $1,701 of said note, and proportionally of the interest due thereon, and also the further sum of $531 cost of suit; further ordering that a copy of the decree be served upon the defendant, and said Allison, and requiring them respectively to comply with the terms thereof within twenty days from the day of such service, in default of which they were to be deemed guilty of a contempt of Court.

The other facts are stated in the opinion.

Defendant moved for a new trial.

The Court over-ruled the motion and the defendant appealed from the judgment, and from the order denying the motion for a new trial.

Robert Allison appealed from the judgment.

*Wm. S. Wells,* for Appellant.

*L. C. Hays* and *Pendegast & Storey* for Respondent.,

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., TEMPLE J., and CROCKETT, J., concurring:

The judgment against Allison cannot be sustained, because he was neither served with the process, nor was his appearance in the action entered.

The other points presented by the defendant Abbot, relate to his motion for a new trial. When the motion is made on a statement, no point will be considered and no alleged error will be noticed, unless it is specified under one of the grounds of the motion. An argument in such case, in which the merits of the cause of action or of the defense are presented, is of no service to the Court, unless it legitimately arises upon one or more of the specifications in the statement. The appellant's points should accord with, or be substantially the same as the specifications in the statement; or at least should result from two or more of them, which present the same question. It is often the case, that it is proper to specify in the statement, the particulars in which the evidence is insufficient to sustain the verdict, or the finding of any fact, when the evidence in that respect is conflicting; for if the evidence clearly preponderates against the verdict or finding, it is the duty of the Court below to set it aside. But it is useless to present to the Appellate Court a point based on such specification; for the verdict or finding will not be set aside where the evidence on the point in controversy is conflicting. Under the ground that the evidence is insufficient to justify the findings in this case, there are many specifications; but the evidence in each of the particulars mentioned was conflicting, except in the fourth and ninth, and in those two, the facts mentioned are immaterial. The specifications, under the ground that the findings are against law, cannot be sustained. They present principally questions of fact or questions of law and fact combined, and it does not appear that the decision of the Court was adverse to the propositions of law laid down in the specifications.

Judgment as to Allison reversed, and as to Abbot affirmed.